UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAULINE J. CROSBY-MILLER,

       Plaintiff,

v.                            CASE No.  8:05-CV-1768-TGW

JO ANNE B. BARNHART,
Commissioner of Social Security,

       Defendant.

_____

O R D E R

       The plaintiff in this case seeks judicial review of the denial of her claim for Social Security disability benefits.[1]  Because the decision of the Commissioner of Social Security failed to evaluate the plaintiff's impairment of migraine headaches, the decision will be reversed and the matter remanded for further consideration.

I.

       The plaintiff, who was thirty-eight years old at the time of the administrative hearing and who has a college education, has worked as a cashier, a retail store assistant manager, a sales associate, and a preschool

---

[1]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 12).

teacher's aide (Tr. 54).   She filed a claim for Social Security disability benefits, alleging that she became disabled due to cervical and lumbar radiculopathy, myalgia, myosistis, brachial plexopathy, migraine headaches, and degenerative disc disease (Tr. 53).   The claim was denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge.   The law judge found that the plaintiff suffers from severe impairments of degenerative disc disease, brachial plexopathy, migraine headaches, carpal tunnel syndrome, and myofascial pain syndrome (Tr. 20).    He concluded that, with these impairments, the plaintiff has the residual functional capacity to perform a wide range of sedentary to light work activity in that the plaintiff can lift up to ten pounds frequently and twenty pounds on occasion, but can only perform postural activities occasionally (Tr. 18).   The law judge determined that these limitations precluded the plaintiff from returning to her prior relevant work (Tr. 19, 21).   However, he ruled that the medical-vocational guidelines indicated that there are a significant number of jobs in the national economy that the plaintiff could perform (Tr. 20).   Accordingly, the law judge decided that the plaintiff was not disabled (Tr. 21).   The Appeals Council let the

decision of the law judge stand as the final decision of the Commissioner (Tr. 5).

II.

A.  In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. 423(d)(1)(A).  A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence.  42 U.S.C. 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

B. The administrative law judge decided the plaintiff's claim under regulations designed to incorporate vocational factors into the determination of disability claims. See 20 C.F.R. 404.1501 et seq. Those regulations apply in cases where an individual's medical condition is severe enough to prevent her from returning to her former employment, but may not be severe enough to prevent her from engaging in other substantial gainful

activity.  In such cases, the regulations direct that an individual's residual functional capacity, age, education and work experience be considered in determining whether the claimant is disabled.  These factors are codified in tables of rules, known as "guidelines" or "grids," that are appended to the regulations.  20 C.F.R. Part 404, Subpart P, Appendix 2.  If an individual's situation coincides with the criteria listed in a rule, that rule directs a conclusion as to whether the individual is disabled.  20 C.F.R. 404.1569.  If an individual's situation varies from the criteria listed in a rule, the rule is not conclusive as to an individual's disability, but is advisory only.  Id.

### III.

The plaintiff contends, among other things, that the law judge erred in relying upon the grids without evaluating certain non-exertional impairments (Doc. 22, pp. 10-14).  The Eleventh Circuit has said that "[e]xclusive reliance on the grids is not appropriate either when [a] claimant is unable to perform a full range of work at a given functional level or when a claimant has non-exertional impairments that significantly limit basic work skills."  Francis v. Heckler, 749 F.2d 1562, 1566 (11th Cir. 1985).  The plaintiff argues that the law judge failed to evaluate non-exertional impairments of migraine headaches and myofascial pain syndrome and thus

could not determine that they, along with the non-exertional postural restrictions, did not significantly limit basic work skills (Doc. 22, pp. 10-14).

Arguably, the law judge's discussion of cervical disc disease, carpal tunnel syndrome and brachial plexitis (Tr. 19) could cover the plaintiff's impairment of myofascial pain syndrome.  That discussion, however, leaves unaddressed the plaintiff's impairment of migraine headaches.

The law judge not only found that the plaintiff suffers from migraine headaches, but found further that the migraine headaches are a severe impairment (Tr. 20).  This means, by definition, that migraine headaches significantly limit the plaintiff's physical or mental ability to do basic work activities.  20 C.F.R. 404.1520(c).  The law judge, however, failed to state what those significant limitations are.  The only limitations the law judge identified in his assessment of the plaintiff's residual functional capacity were the restriction to light work and the inability to perform postural activities more than occasionally (Tr. 18).  These limitations cannot reasonably be viewed as including restrictions arising from migraine headaches.

The law judge's failure to identify the significant limitations arising from the plaintiff's severe impairment of migraine headaches prevents judicial review of the propriety of the use of the grids. The grids, as indicated, may not be used when non-exertional impairments, such as migraine headaches, preclude a plaintiff from performing a wide range of work at a given work level. <u>Phillips</u> v. <u>Barnhart</u>, 357 F.3d 1232, 1243 (11th Cir. 2004). Whether the use of the grids was proper here cannot be determined due to the law judge's failure to specify the limitations caused by the plaintiff's migraine headaches. Accordingly, a remand is warranted.[2]

In addition to asserting the law judge's failure to evaluate the impairment of migraine headaches with respect to the use of the grids, the plaintiff also raised the matter of migraine headaches in connection with the law judge's credibility determination. As the law judge noted, the plaintiff testified that "[h]er migraines occurred 4 times weekly and lasted one to three days," and that "[s]he needed to relax in darkness with silence to

―――――――――――――――

[2]There is a similar deficiency with respect to the finding of a severe impairment of carpal tunnel syndrome. Although this was said to be a severe impairment, there were no significant limitations stated concerning that impairment. This suggests that the law judge, in order to avoid a dispute about whether certain impairments were non-severe, labeled them as severe but without identifying any significant limitations arising from them. In all events, the plaintiff has not made an issue out of the handling of carpal tunnel syndrome, and thus it will not be used as a basis for a remand. Nevertheless, on remand, the Commissioner would be well-advised to give further consideration to that impairment.

resolve her headaches" (Tr. 18).  The law judge in his credibility findings did not assess this testimony (see Tr. 19).

If a law judge decides not to credit a claimant's testimony concerning subjective complaints, he is required to articulate explicit and adequate reasons for doing so.  Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995); Walker v. Bowen, 826 F.2d 996, 1001 (11th Cir. 1987).  Thus, "disregard of such complaints without articulating the reason is inappropriate because it deprives the reviewing court of the ability to determine the validity of that action." Walker v. Bowen, supra, 826 F.2d at 1004.

Here, there is no statement of any basis the law judge may have had to discount the plaintiff's complaints of headaches.  This deficiency provides a further ground for a remand.

The plaintiff makes the argument that the law judge erred in failing to develop the record adequately because he failed to order a consultative psychological examination for the plaintiff (Doc. 22, p. 8).[3] This contention  lacks merit.

_____

[3]The plaintiff in her preliminary statement lists six challenges to the law judge's decision (Doc. 22, p. 2).  However, she only developed three of them.  Consequently, the other three are deemed abandoned (see Doc. 15).

There is no indication that the plaintiff has ever sought treatment for depression.  Notably, the plaintiff in her request for benefits never claimed she suffered from, or is disabled due to, any psychological or mental condition (Tr. 34, 39,  53, 70).  Her testimony concerning depression at the hearing was brief and related primarily to pain and her inability to work with children (Tr. 373-75).  Moreover, the plaintiff, who was represented by an attorney at the hearing, never requested that a consultative psychological or psychiatric evaluation be ordered.

The plaintiff points to various medical sources in the record to support her contention that  the law judge should have ordered a consultative psychiatric evaluation (Doc. 22, p. 9).  However, those sporadic references do not provide significant evidence of a mental disorder.  Consequently, they are insufficient to trigger the law judge's duty to obtain a psychological consultative report.  Sneed v. Barnhart, 2006 WL 3770655 **2-3 (11th Cir. 2006) (unpub. dec.).  Of course, on remand, if the plaintiff desires to pursue a contention that she has a mental impairment, she can obtain a psychological evaluation herself (and get treatment for it).

IV.

In sum, the law judge erred in his handling of the plaintiff's severe impairment of migraine headaches. Thus, he failed to identify the significant limitations that result from that impairment. That determination is important in deciding whether the law judge properly relied upon the grids. Further, the law judge failed to explain why he discounted the plaintiff's testimony concerning the frequency and severity of her migraine headaches. Consequently, the law judge's credibility determination is unacceptably flawed.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner is hereby REVERSED and the matter is REMANDED for further consideration. The Clerk shall enter judgment in accordance with this Order and close this case.

DONE and ORDERED at Tampa, Florida, this 17th day of January, 2007.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE